UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD A. WHITE,

      Plaintiff,

                                             Civil No. 05-71201
                                             Hon. John Feikens

      v.

BAXTER HEALTHCARE CORPORATION,

      Defendant.
_____/

## OPINION AND ORDER

Todd White, an African-American male, brought a five-count complaint against his employer, Baxter Healthcare Corporation. Plaintiff alleged race and gender discrimination, violating (1) Title VII, (2) the Elliott-Larsen Act (MCL § 37.2101), and (3) the Civil Rights Act of 1866. This matter is before this Court on the Magistrate Judge's Report and Recommendation regarding Defendant's motion for summary judgment. Plaintiff timely filed two objections to the Report and Recommendation. The first objection states the Magistrate Judge erred by concluding that "there remains no genuine issue of fact regarding Plaintiff's claim of race discrimination regarding his 2004 performance review." Plaintiff argues the Magistrate Judge erroneously found that (1) the Plaintiff did not meet his employer's legitimate expectations and (2) that the evidence did not indicate that a similarly situated non-African-American was treated differently during the 2004 performance review. Plaintiff's second objection argued that the Magistrate Judge erred in concluding the Defendant's reasons for not promoting him were not pretextual. Accordingly, I have conducted *de novo* review of the record in light of the specific objections of the parties, see Fed. R.

Civ. P. 72(b); Vogel v. U.S. Office Prods. Co., 258 F.3d 509, 515 (6th Cir. 2001), and conclude for the reasons stated by the Magistrate Judge that Plaintiff's objections should be DENIED and Defendant's motion for summary judgment should be GRANTED.

**I.  Plaintiff Did Not Meet His Employer's Legitimate Expectations.**

I ADOPT in full the Magistrate Judge's Report and Recommendation regarding Plaintiff's first objection without further comment.

**II.  The Evidence Did Not Indicate That Similarly Situated non-African-Americans were Treated Differently During the 2004 Performance Review**.

Plaintiff's second objection is that the Magistrate Judge erred in concluding that Plaintiff had not provided sufficient evidence to support his argument that Defendant's purported non-discriminatory reasons for failing to promote Plaintiff were pretextual.  Plaintiff suggests that race and/or sex discrimination played into Defendant's decision to not to hire him for a regional manager position in 2004.

Defendant's reason for not hiring Plaintiff for this position is not pretextual.  The record suggests that Defendant made a business decision in hiring Maggie Freed because Defendant valued her previous management experience, her experience in pharmaceutical sales, and her interview. Plaintiff cannot establish pretext unless the business decision is so "ridden with error that defendant could not honestly have relied upon it." Lewis v. Sears, Roebuck & Co., 845 F.2d 624, 633 (6th Cir. 1988); see Smith v. Chrysler Corp., 155 F.3d 799, 807 (6th Cir. 1998); Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 676-577 (6th Cir. 2003) (for purposes of Title VII, absolute deference to business judgment is not required; the reasonableness of the employer's decision is considered only if the inquiry sheds light on whether  the employer's proffered reason for the employment action was its actual motivation).  I find nothing in the record to suggest that defendant's decision

to hire Freed was ridden with error.  Instead, Plaintiff merely attempts to persuade this Court to retry whether Freed is more qualified than Plaintiff for the managerial position which it will not do. (Plaintiff Objections at 13.)  What Plaintiff does not do is provide credible evidence, direct or circumstantial, that Defendant's proffered reason was not its actual motivation for denying Plaintiff the regional manager position.  Thus, this Court ADOPTS the Magistrate Judge's Report and Recommendation regarding the second objection.

## III.  Conclusion

Defendant's motion for summary judgment is GRANTED and this case is DISMISSED with prejudice.  **IT IS SO ORDERED.**

Date: <u>April 16, 2007</u>                              <u>s/John Feikens</u>
                                                    United States District Judge

---

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on April 16, 2007, by U.S. first class mail or electronic means.

<u>s/Carol Cohron</u>
Case Manager

---

3