UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Todd A. White,

    Plaintiff,

v.                                                            Case No. 05-71201 and

Baxter Healthcare Corporation,                  Case No. 08-13636

    Defendant.                                     Honorable Sean F. Cox
_____/

## OPINION & ORDER
## GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE

This matter is currently before the Court on Plaintiff's motion seeking to consolidate these two employment discrimination cases. The parties have briefed the issues and the Court held a hearing on December 11, 2008. For the reasons that follow, the Court shall GRANT the motion and consolidate the two cases.

## BACKGROUND

Plaintiff filed Case No. 05-71201 ("*White I*") alleging that his current employer had discriminated against him on the basis of his race, in violation of Title VII and Michigan's Elliott Larsen Civil Rights Act. That action was originally assigned to the Honorable John Feikens, who granted a Motion for Summary Judgment filed by Defendants, thereby dismissing Plaintiff's claims on April 16, 2007.

On May 14, 2007, Plaintiff appealed to the Sixth Circuit.

On May 23, 2007, Defendant terminated Plaintiff's employment. Thereafter, Plaintiff filed a charge of retaliation and discrimination with the EEOC relative to his termination.

1

On July 3, 2008, the Sixth Circuit reversed and remanded with respect to Plaintiff's federal claims for failure to promote and downgraded performance review. *See White v. Baxter Healthcare Corp.*, __ F.3d __ (6th Cir. July 3, 2008). Thus, *White I* is ready for trial.

On July 22, 2008, *White I* was reassigned to this Court for purposes of docket efficiency. (Docket Entry No. 31).

On August 21, 2008, Plaintiff filed a second action against Defendant, Case No. 08-13636 ("*White II*"), wherein he alleges discrimination and retaliation in relation to his termination. *White II* was reassigned to this Court, as a companion case to *White I*.

The Court held a status conference with counsel, with respect to both cases, on November 13, 2008, at which time Plaintiff's counsel advised the Court that Plaintiff wished to consolidate the two cases. At that conference, the parties advised that limited additional discovery would be needed in *White II*, in that only three or four depositions would be necessary. The Court advised the parties to proceed immediately with scheduling those depositions, and ordered Plaintiff to file a motion to consolidate within seven days.

Plaintiff filed a timely motion seeking to consolidate the two actions, and Defendant filed a timely brief in opposition to the motion.

## **ANALYSIS**

Consolidation of cases is governed by FED. R. CIV. P. 42(a), which authorizes a federal court to order a joint hearing or trial when common questions of law or fact are pending before the court. *Carpenter v. GAF Corp.*, 16 F.3d 1218 (6th Cir. 1994). The decision of whether or not to consolidate cases for trial lies within the sound discretion of the trial judge and will not be overturned unless an abuse of discretion is shown. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011

2

(6th Cir. 1993).

In *Cantrell*, the Sixth Circuit identified several factors that a trial court should consider in deciding whether or not to consolidate separate lawsuits for trial, including: 1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudication of common factual and legal issues; 2) the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits; 3) the length of time required to conclude multiple suits as against a single one; and 4) the relative expense to all concerned of the single-trial, multiple trial alternatives. *Cantrell, supra*, at 1011.

Plaintiff contends that considerations of judicial economy strongly favor consolidation. He notes that the two actions are between the very same parties, are sufficiently related, and share the same witnesses.

Defendant contends that the Court should decline the request to consolidate the two cases for numerous reasons. First, Defendant asserts that the two cases have "minimal" common issues of fact given the nature of the claims, although even Defendant acknowledges that the two cases will share some of the same witnesses. (Resp. Br. at 5).

Defendant states that the two cases involve different legal issues, and therefore Defendant contends that may create juror confusion with respect to jury instructions and the verdict form. These kinds of distinct claims, however, are routinely combined into a single case and jury instructions and verdict forms can be crafted to avoid confusion.

Defendant also contends that consolidation could potentially prejudice it because delaying trial may result in lost witnesses. Defendant asserts that if *White I* were tried in 2009, all of its witnesses would be "locatable" and able to testify. It contends that "[i]f trial were

delayed until 2010, however, the odds of Baxter losing witnesses increases." (Resp. Br. at 9).
The Court finds this argument without merit, given that only limited discovery is needed in
*White II* (i.e., three or four depositions) and that the parties were instructed at the November 13,
2008 conference to immediately schedule those depositions.

Defendant also raises other concerns, about being prejudiced in two other ways.
Defendant contends that during a status conference in August, Plaintiff requested additional
discovery regarding damages in *White I* and this Court rejected the request to reopen discovery
in *White I.* Defendant asserts that consolidation will allow Plaintiff to circumvent that ruling.
Consolidation of the two cases, however, would not reopen discovery in *White I*.

Defendant also argues that consolidation would undermine the Court's mediation process
by "unfairly removing the potential consequences to White (and potential benefits to Baxter)
associated with the case evaluation procedure" (i.e., potential consequences for Plaintiff having
rejected the award and Defendant having accepted it.). The Court also finds this argument
without merit. Under this Court's practice guidelines, case evaluation sanctions under the
Michigan Court Rules only apply if the parties so stipulate in writing. Here, the parties have not
so stipulated and, therefore, case evaluation sanctions are not available**.**

Having considered the parties' respective positions, and considered the above factors, the
Court shall grant Plaintiff's motion and consolidate the two cases. These two actions involve the
very same parties, both are based upon Plaintiff's employment relationship with Defendant, and
both actions will involve some of the same key witnesses. Although the actions involve some
distinct claims and issues, such claims and issues are routinely combined into a single
employment case and jury instructions and verdict forms can be crafted to avoid juror confusion.

4

The Court does not believe that Defendant has established that it would suffer any real prejudice if the actions are consolidated.

Moreover, the burden to the parties, the witnesses, and the Court would be significant if separate trials were conducted. This is especially so, given that the two trials would be conducted in close proximity to each other. *White I* requires only limited discovery (i.e., three or four depositions and the exchange of limited written discovery), which can be conducted in an expedited manner. The Court shall therefore consolidate the two actions, and provide the parties with an appropriate scheduling order.

## **CONCLUSION & ORDER**

For the reasons above, IT IS ORDERED that Plaintiff's Motion to Consolidate is GRANTED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 17, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 17, 2008, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

5